# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-3902 |
| HOLLY PIERCE, NP, *et al.*, | * | |
| Defendants | * | |

***

## **MEMORANDUM**

Donald Pevia, who is a self-represented prisoner, has filed a Motion for Temporary Restraining Order, requesting that defendants be directed to provide him with a knee brace; assign him bottom bunk status; and provide analgesic medication. ECF 6. The Office of the Attorney General filed a court-directed response (ECF 9) and plaintiff has replied. ECF 12. No hearing is necessary to resolve the motion. Local Rule 105.6.

### I.   Background

On September 20, 2018, plaintiff was seen by medical staff regarding his inquiry about a knee brace. ECF 9-1 at 7. No concerns were noted at that time. He was again seen by medical staff regarding the knee brace on December 19, 2018. *Id*. at 11. At that time, it was noted that the knee brace issue had been resolved. *Id*.

On February 26, 2018, Case Manager John White contacted plaintiff's housing unit and spoke with Officer Conner, who went to plaintiff's cell to ask if plaintiff had a knee brace. ECF 9-1, ¶ 6. Plaintiff advised Conner that he purchased a knee brace from another inmate but did not have the proper paperwork showing it belonged to him. *Id*. Conner inspected the brace and returned it to plaintiff. *Id*. Inmates are permitted to place a catalog order for knee braces if the Medical Department approves. ECF 9-1, ¶ 8.

Plaintiff indicates that he did not purchase a knee brace from another inmate, which he describes as having "hinged bracket[s] on the sides," but rather a knee sleeve, which he describes as "tough material which can slide on and off limbs like a sock." ECF 12 at 2. Additionally, he indicates that he was not able to purchase a knee brace from commissary due to his indigency. *Id*.

Pevia had a medical order for a lower bunk from June 14 to December 14, 2018. ECF 9-1 at 3. On August 10, 2018, plaintiff requested that his bottom bunk paperwork be renewed. *Id*. at 5. In October he again requested that his bottom bunk status be renewed and also indicated he wanted a chair in his cell. *Id*. at 9. At that time medical staff noted that there were no orders for bottom bunking. *Id*.

Michael Kepitch, R.N. further indicated there was no supporting evidence for bottom bunk status and that plaintiff appeared fit and muscular, ambulated well, and was able to get on and off the examination table without issue. Keptich discussed plaintiff's bottom bunk status with the nurse practitioner and it was determined that there was no medical indication for an order for a lower bunk. *Id*. Additionally, security staff advised that chairs were not permitted in cells while inmates were on segregation status. *Id*. Despite not having an order for bottom bunking, plaintiff has not been assigned to a top bunk since November 18, 2014; he has always been assigned a bottom bunk. ECF 9-1, ¶ 5.

Plaintiff confirms that he has not been assigned to a top bunk. ECF 12 at 3. He attributes this to the conduct of tier officers who are aware of his medical conditions and do not want to be held liable if he falls. *Id.*

Plaintiff was prescribed aspirin and Mobic from June 26 to October 26, 2018. ECF 9-1 at 5. He was also prescribed Tylenol Extra Strength from June 26 to September 26, 2018. *Id*. Plaintiff's prescribed medications were stopped by medical personnel on October 26, 2018. ECF

2

9-1, ¶ 9. Inmates are permitted to place commissary orders for over-the-counter pain medications. *Id*. Plaintiff confirms that he is able to order pain medication from the commissary but expresses concern that the over-the-counter medications he takes are harmful to him due to his other medical issues. ECF 12 at 4.

On February 8, 2019, plaintiff refused to attend sick call regarding his complaint that his knee buckled when he moved. ECF 9-1 at 4. However, plaintiff was observed in the "yard," walking without difficulty. *Id*.

## II. Discussion

A preliminary injunction affords an extraordinary remedy prior to trial. Therefore, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*). Plaintiff's request for injunctive relief shall be denied, as he does not clearly satisfy all four factors.

Plaintiff has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Here, plaintiff has access to the items he seeks. He

possesses knee support, may purchase analgesic pain medication, and is assigned to a lower bunk. Plaintiff may seek any additional medical care through the inmate sick call process. Pevia's concerns that he may be transferred to another housing unit where his knee sleeve is confiscated, or he is assigned top bunk status, are speculative.

Plaintiff has failed to demonstrate that the balance of equities is in his favor or that an injunction would be in the public interest. Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Such circumstances are not present here. Plaintiff's motion for temporary restraining order (ECF 6) is denied.

Also pending is plaintiff's motion for extension of time to respond to defendants' dispositive motion. ECF 23. The request appears reasonable and will be granted, to and including September 25, 2019.

The motion to strike the appearance of Francis M. Curnutte, III (ECF 22) is also granted.

An Order follows.

Date: August 7, 2019.                                              /s/
                                                                   Ellen L. Hollander
                                                                   United States District Judge